4

| | |
|---|---|
| 1 | DAVID MEEGAN (State Bar No. 114549)<br>ANTHONY ASEBEDO (State Bar No. 155105) |
| 2 | **MEEGAN, HANSCHU & KASSENBROCK**<br>Attorneys at Law |
| 3 | 11341 Gold Express Drive, Suite 110<br>Gold River, CA  95670 |
| 4 | Telephone:  (916) 925-1800<br>Facsimile:  (916) 925-1265 |
| 5 | |
| 6 | Attorneys for the Debtor |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re:<br><br>CALIFORNIA COMMUNITY<br>COLLABORATIVE, INC.,<br><br>                     Debtor. | Case No. 14-26351-C-11<br>Docket Control No. MHK-13<br><br>Date:  April 22, 2015<br>Time:  10:00 a.m.<br>Dept:  C (Courtroom 35)<br>**Hon. Christopher M. Klein** |

**<u>DEBTOR'S MOTION FOR APPROVAL OF POST-PETITION SECURED FINANCING</u>**

California Community Collaborative, Inc., as debtor in possession (the "Debtor"), hereby requests an order approving post-petition secured financing as described in detail below.  In support of this motion, the Debtor respectfully represents as follows:

## I. BACKGROUND

On June 17, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  The Debtor is a California corporation that is in the business of owning and operating the Real Property as an office-commercial rental property.  The Real Property has about 88,000 square feet of space available for lease to tenants.  See Declaration of Merrell G. Schexnydre ("Schexnydre Declaration"), ¶¶ 3, 4, submitted herewith.

Since before the Petition Date, the bulk of the Real Property has been unoccupied, with only about 26,000 square feet of space under lease to the Judicial

aa:\mhk-13 financing mot

Council of California.  The Debtor recently obtained a new ten-year lease for another 39,000 square feet of space with Rex and Margaret Fortune School of Education ("Fortune"), which substantially increases the space under lease at the Real Property. The additional rental income from this lease will permit the Debtor to file a Plan of Reorganization based on ongoing business income and profits.  <u>See</u> Schexnydre Declaration ¶ 4.

As of the Petition Date, when only about 30% of the rentable space at the Real Property was occupied, the Debtor valued the Real Property at approximately $12,000,000.  The Debtor's lease with Fortune will bring the occupancy rate to approximately 74%, with additional space likely to be leased to the County of San Bernardino.  As a consequence, the Debtor believes that the value of the Real Property will be approximately $15,000,000 when Fortune begins occupancy.  <u>See</u> Schexnydre Declaration ¶ 6.

The Debtor has obtained a commitment to provide financing secured by the Real Property, which financing is necessary to obtain the needed leasehold improvements for the new lese with Fortune.  The proposed financing is to be brokered by Triwest Financial Group of San Diego, California ("Triwest").  The Debtor proposes to borrow $2,200,000, under the terms and conditions detailed below, which include a second deed of trust to secure the Debtor's obligations under the loan documents.

Jurisdiction for this motion exists under 28 U.S.C. § 1334, and venue in this court is proper under 28 U.S.C. § 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).  The Debtor brings this motion under 11 U.S.C. § 364, and pursuant to Federal Rule of Bankruptcy Procedure 4001(c).

## II.  TERMS OF THE PROPOSED FINANCING

The Promissory Note and Deed of Trust that detail the terms of the proposed financing are submitted collectively as Exhibit 1 to the Schexnydre Declaration.  The proposed financing does not include any provision that is set out in Federal Rule of

/ / /

aa:\nhk-13 financing mot

1  Bankruptcy Procedure 4001(c)(1)(B)(i) - (xi).  The basic terms of the proposed financing
2  are as follows:

3       1.     Loan amount:  $2,200,000.00;

4       2.     Interest rate:  7% per year;

5       3.     Monthly payments:  $12,833.33;

6       4.     Term of loan:  12 months;

7       5.     Collateral:  second deed of trust against the Real Property.

8               **III.  RELIEF REQUESTED BY THE DEBTOR**

9       Where unsecured financing is unavailable, under 11 U.S.C. § 364(c)(3) the court
10  may approve financing that is secured by a junior lien on property that is subject to a
11  lien.  Here, the Real Property is encumbered by a first deed of trust in favor of the Bank,
12  to secure an obligation of approximately $9,600,000 as of the Petition Date, and
13  currently there are no junior liens.  See Schexnydre Declaration ¶ 10.

14       The Lease with Fortune will add considerable value to the Real Property, which
15  the Debtor estimates to be no less than $15,000,000 with the Fortune lease in place
16  (as noted above, this figure is $3,000,000 higher than the value the Debtor gave the
17  Real Property as of the Petition Date).  The proposed Triwest loan, in the amount of
18  $2,100,000, is more than offset by the value that the Fortune lease adds to the Real
19  Property, and clearly the Bank's first-priority security interest will benefit from a
20  generous equity cushion.

21       The Debtor has carefully projected its ongoing revenues from rents, including
22  from the Fortune lease, along with its ongoing business expenses and the payments
23  due to Triwest under the proposed financing.  The projection, a copy of which is
24  submitted as Exhibit 2 to the Schexnydre Declaration, includes ongoing interest
25  payments to the Bank at the nondefault contract rate.  It is clear that the ongoing
26  interest payments that the Debtor will make to the Bank will provide additional
27  protection to the Bank's interest.  Meanwhile, the proposed financing will assure that
28  the Debtor will obtain the benefit of the Lease with Fortune, rent payments from which

will help finance not just repayment of the Triwest loan, but also help fund a Plan of Reorganization. The Debtor plans to refinance the Real Property after no more than eighteen months to pay the Bank's claim in full.

The circumstances of this case thus demonstrate that the proposed financing from Triwest is in the best interest of creditors, the Debtor, and the bankruptcy estate.

### III. CONCLUSION

For the reasons set forth above, the Debtor respectfully requests an order providing as follows:

1.    Authorizing the Debtor to obtain the financing as described herein;

2.    Authorizing the Debtor to enter into the Loan Documents, and such other agreements as may be reasonably necessary to carry out the borrowing described herein, including appropriate subordination and non-disturbance agreements; and

3.    Providing for such other relief as this court deems proper.

Dated: _Mar. 25, 2015_

MEEGAN, HANSCHU & KASSENBROCK

By: _____
Anthony Asebedo
Attorneys for the Debtor

aa:\mhk-13 financing mot