4

DAVID MEEGAN (State Bar No. 114549)
ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re:<br><br>CALIFORNIA COMMUNITY COLLABORATIVE, INC.,<br><br>Debtor. | Case No. 14-26351-C-11<br>Docket Control No. MHK-13<br><br>Date: April 22, 2015<br>Time: 10:00 a.m.<br>Dept: C (Courtroom 35)<br>**Hon. Christopher M. Klein** |

**DECLARATION OF MERRELL G. SCHEXNYDRE IN SUPPORT OF DEBTOR'S MOTION FOR APPROVAL OF POST-PETITION SECURED FINANCING**

I, Merrell G. Schexnydre, hereby declare:

1. I am over eighteen years of age. The following is true of my own knowledge and, if called as a witness, I could and would competently testify hereto.

2. I am the president of California Community Collaborative, Inc., as debtor in possession (the "Debtor"). As the Debtor's president, I have personal knowledge of the Debtor's business books and records, including books and records regarding the Debtor's business operations, assets, income, and expenses.

3. I am informed that the above-captioned chapter 11 case was initiated on June 17, 2014. The Debtor is a California corporation that is engaged in the business of owning and operating real property commonly known as 655 West 2nd Street, San Bernardino, California (the "Real Property") as an income-producing property.

/ / /

4. The Real Property is improved with a two-story office building with about 88,000 square feet of rentable space. Currently, about 26,200 square feet on the second floor of the Real Property are under lease to the Judicial Council of California ("Council")

5. The Debtor has entered a written Standard Multi-Tenant Office Lease - Gross dated March 11, 2015 and Addendum to Lease (collectively, the "Lease"), which names the Debtor as lessor and Rex and Margaret Fortune School of Education, a public non-profit benefit corporation ("Fortune") as lessee in regard to approximately 39,000 square feet of space at the Real Property. The term of the lease runs from August 1, 2015 through July 31, 2025.

6. As of the Petition Date, when the Real Property had an occupancy rate of about 30%, my research indicated that the value of the Real Property was approximately $12,000,000. Based on my own experience in the leasing market in San Bernardino County and on discussions with potential lenders and with the Debtor's broker, I estimate the value of the Real Property will be no less than $15,000,000 when Fortune takes possession of the space described in the Lease. This figure, which I believe to conservative, is based on an income approach to valuation and on comparable sales.

7. In order to consummate the Lease, certain leasehold improvements must be made to the space at the Real Property that is to be leased by Fortune. Under the Lease, Fortune is to obtain construction of such improvements, but the Debtor is to provide a cash allowance to Fortune, not to exceed the amount of $1,755,000, for payment of the costs of the improvements (the "Tenant-Improvement Allowance"). Under the Lease, the Tenant-Improvement Allowance is to paid out according to a stated schedule.

8. The only financing that I have been able to obtain for the Debtor is secured financing. To the best of my knowledge, such financing on an unsecured basis, including as an administrative priority, is not available, because such financing is

customarily secured by a security interest in the real property to be improved.

9. Triwest Financial Group, of San Diego, California ("Triwest") has agreed to broker financing for the Debtor in the amount of $2,200,000, under the terms and conditions that are set forth in loan documents proposed by Triwest that consist of a proposed Promissory Note and the Deed of Trust (collectively, the "Loan Documents"). A true and correct copy of the Loan Documents, which are business records of the Debtor kept in the ordinary course, are submitted herewith collectively as Exhibit 1. The Loan Documents set forth the terms and conditions for financing that I negotiated with Triwest, on behalf of the Debtor.

10. If the Debtor obtains the contemplated financing, the proceeds will be used to fund the Tenant-Improvement Allowance, and also to fund ongoing monthly payments of interest at the nondefault contract rate to California Bank and Trust (the "Bank"), which holds the first deed of trust against the Real Property to secure a claim in the amount of approximately $9,600,000. Submitted herewith as Exhibit 2 is a true and correct copy of a spreadsheet that I prepared to set forth the Debtor's ongoing projected revenues and expenses, including monthly contract-rate interest payments to the Bank and monthly contract payments to Triwest, along with amounts that would be made available for disbursement on allowed unsecured claims in the Debtor's chapter 11 case, for an eighteen-month period beginning with the month of receipt of the loan proceeds.

11. I believe that the terms for financing offered by Triwest are the best that can be obtained. The loan proceeds will enable the Debtor to meet the Tenant-Improvement Allowance and to maintain ongoing payments to the Bank. In connection with the Debtor's Motion to Continue to Use Cash Collateral and with a forthcoming Plan of Reorganization for the Debtor, I have carefully projected the Debtor's revenues and expenses for the period following the funding of such a loan, and such revenue, coupled with the funds to be borrowed by way of the Triwest loan, will permit the Debtor to meet its ongoing business expenses and expenses related to the Real

1 Property, to make ongoing monthly payments to the Bank and Triwest, and to make
2 ongoing property-tax payments as agreed. When Fortune takes possession of the
3 leased space and when rents have been paid by Fortune along with the existing tenant,
4 I project that within eighteen months the Debtor will be in a position to refinance the
5 Real Property to pay the existing loans in full and pay allowed claims in the Debtor's
6 chapter 11 case.
7     I declare under penalty of perjury that the foregoing is true and correct, and that
8 this declaration was executed at Granite Bay, California on the date set forth below. As
9 to those matters set forth above which are based on information and belief, I believe
10 them to be true.

Dated: 3/25/15

*Merrell G. Schexnydre* (signature)
Merrell G. Schexnydre