ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA  95670
Telephone:  (916) 925-1800
Facsimile:  (916) 925-1265

Attorneys for the Revested Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| In re: | Case No. 14-26351-C-11 |
|---|---|
| | Docket Control No. MHK-19 |
| CALIFORNIA COMMUNITY COLLABORATIVE, INC., | Date: January 27, 2016 |
| | Time: 10:00 a.m. |
| | Dept: C (Courtroom 35) |
| Debtor. | **Hon. Christopher M. Klein** |

### REVESTED DEBTOR'S MOTION FOR FINAL DECREE AND ORDER CLOSING CASE

California Community Collaborative, Inc. ("CCC"), as revested debtor under the Debtor's Plan of Reorganization Dated March 26, 2015, as modified (the "Plan"), hereby moves the court for a final decree and order closing the above-captioned chapter 11 case (the "Case").  In support of the motion, CCC respectfully represents as follows:

1. On June 17, 2014, CCC filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  On December 23, 2015, the court entered its order confirming the Plan (Dkt. 399).  Under the Plan, CCC is the revested debtor that is responsible to perform the tasks required to complete the Plan and to disburse funds to claim holders under the Plan.

/ / /

/ / /

/ / /

2. Article XIV of the Plan provides in relevant part as follows:

> The Court shall retain jurisdiction, and the Case shall not be closed, until:
>
> 1. All notes, security instruments or other documents, required by this Plan to be executed or delivered by Debtor or any creditor or party in interest, shall have been so executed and delivered;
>
> 2. All claims objections, applications for professional compensation, and other motions shall have been finally adjudicated; and
>
> 3. All adversary proceedings filed within the Case shall have been finally adjudicated.
>
> Upon satisfaction of the above conditions to closing and subject to § 350 of the Code, the Debtor shall file a motion for final decree and order closing case, with service on the United States Trustee.

3. The Case has been fully administered and is subject to being closed pursuant to Article XIV of the Plan and under 11 U.S.C. § 350. There are no pending proceedings in the Case, all professional fees motion will have been heard as of the hearing on this Motion, and CCC does not anticipate the need to object to any claims allowed in the Case. CCC has commenced disbursements to priority claimants under the Plan, and will continue operate its business and obtain refinancing to fund disbursements to creditors under the Plan. Prompt closing of the Case will avoid continued U.S. Trustee fees, where CCC has obtained a commitment for refinancing of its real property as contemplated by the Plan. See Declaration of Merrell Schexnydre, submitted herewith.

4. Under the circumstances set forth above, CCC asserts that the bankruptcy estate is fully administered and that issuance of a final decree and order closing the Case is proper pursuant to 11 U.S.C. § 350, Federal Rule of Bankruptcy Procedure 3022, and the Plan.

/ / /

/ / /

/ / /

/ / /

1  **WHEREFORE**, CCC requests that the court issue a final decree and order closing
2  the above-captioned chapter 11 case, and that the court provide for such other and
3  further relief as it deems proper.

Respectfully submitted,

Dated: Dec. 30, 2015

MEEGAN, HANSCHU & KASSENBROCK

By: _____
Anthony Asebedo
Attorneys for CCC